PATRICK D. ROBBINS (CABN 152288)
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ROBERT S. LEACH (CABN 196191)
ADAM A. REEVES (NYBN 2363877)
KRISTINA N. GREEN (NYBN 5226204)
ZACHARY G.F. ABRAHAMSON (CABN 310951)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7014
    Fax: (415) 436-7234
    Email: Robert.Leach@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL RICHARD LYNCH AND STEPHEN KEITH CHAMBERLAIN, <br><br> Defendants. | Case No. CR 18-577 CRB <br><br> UNITED STATES' RESPONSE TO PROPOSED JURY INSTRUCTIONS <br><br> Trial Date: March 18, 2024 |

The government respectfully submits its Response to the Court's Proposed Jury Instructions filed May 27, 2024 [ECF No. 524-1].

<u>Page 20 / Wire Fraud instruction</u>. In light of the Ninth Circuit's recent holding in *United States v. Milheiser*, 98 F.4th 935, 944 (9th Cir. 2024), the government recommends adding the following sentence to the first element of wire fraud, beginning after the first sentence which ends with "omitted facts" on line 11: "The false or fraudulent pretenses, representations, or promises must go to the nature of the bargain, for example, to price or quality or otherwise to essential aspects of the transaction."

Page 23 / Wire Fraud – Good Faith instruction. The government objects. This instruction is not necessary given the definition of intent to defraud. To the extent the Court gives a good faith instruction, the government recommends it more closely align to the good faith instruction the Court gave in *United States v. Reyes*, CR 06-556 CRB (N.D. Cal. Mar. 23, 2010), ECF No. 1158, which reads:

> It is the government's burden to prove beyond a reasonable doubt that Mr. Reyes acted with an intent to commit the offenses charged. Good faith on the part of Mr. Reyes is inconsistent with a finding that Mr. Reyes knowingly or willfully committed any of the alleged offenses. Thus, if the evidence in the case leaves you with a reasonable doubt about whether Mr. Reyes acted with intent to commit the crime alleged in a particular count, or instead whether he possessed a good-faith belief that the alleged false or misleading statements were in fact accurate, you must find Mr. Reyes not guilty on that count.

Alternatively, the government proposes the following changes to the proposed instruction:

The good faith of defendant is ~~a complete defense to the charge of wire fraud in Counts Two through Fifteen of the indictment because good faith is, simply,~~ inconsistent with the intent to defraud ~~alleged in those charges~~.

A person who acts, or causes another to act, on an honestly held belief or opinion ~~is not punishable under this statute~~ does not act with intent to defraud merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. ~~An honest mistake in judgment or an error in management does not rise to the level of intent to defraud.~~

A defendant does not act in "good faith" if, even though he honestly holds a certain opinion or belief, that defendant also knowingly makes material false or fraudulent pretenses, representations, or promises to others.

~~While the term "good faith" has no precise definition, it means, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.~~

In determining whether or not the government has proven that the defendant acted with an intent to defraud or whether the defendant acted in good faith, the jury must consider all of the evidence in the case bearing on the defendant's state of mind.

~~The burden of proving good faith does not rest with the defendant because the defendant does not have any obligation to prove anything in this case.~~ It is the government's burden to prove to you, beyond a reasonable doubt, that defendant acted with the intent to defraud.

Page 26 / Wire Fraud – Respondeat Superior instruction. The government objects. This is instruction is not necessary given the definition of intent to defraud. Alternatively, the government

requests the Court change the word "merely" to "solely" and add a sentence: "You may consider Dr. Lynch's position at Autonomy in connection with all of the evidence in the case."

<u>Page 30 / "Willfully" – Defined instruction</u>. The government objects. The term willfully is not present in 18 U.S.C. §1349. To the extent the Court decides to give the instruction, it should not include any language after the second sentence ending "mistake." The remainder is repetitive.

DATED: May 28, 2024

Respectfully submitted,

PATRICK D. ROBBINS
Attorney for the United States, Acting Under
Authority Conferred by 28 U.S.C. § 515

\_\_\_/s/_____
ROBERT S. LEACH
ADAM A. REEVES
KRISTINA GREEN
ZACHARY G.F. ABRAHAMSON
Assistant United States Attorney